IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

NATIONAL PHYSICIANS HOLDING COMPANY, et al.,

    Plaintiffs,

v.

MIDDLEBURY EQUITY PARTNERS, LLC, et al.,

    Defendants.

Civil Action No.
7:09-CV-21 (HL)

## ORDER

Before the Court is the parties' Consented-To Motion for Stay (Doc. 77). The parties have agreed that the proceedings in this case should be stayed for thirty days and that all discovery deadlines are to be tolled. They also agree to schedule depositions for September, in anticipation that the case will resume then.

**I.   BACKGROUND**

This is a securities case. The Court has been informed that Defendant, Todd Michael Enright ("Mr. Enright"), recently filed a petition for bankruptcy. However, Mr. Enright has not filed in this Court notice of his bankruptcy filing. The complaint states that Mr. Enright is the managing member and agent for Defendant Middlebury Equity Partners, LLC, ("Middlebury") (Compl. ¶ 8).

On July 29, 2010, the attorneys for Mr. Enright and Middlebury sought leave to withdraw (Doc. 74). The attorneys asserted in their motion to withdraw that Mr.

Enright will file an adversary proceeding complaint in the bankruptcy court requesting an injunction to stay all claims against Middlebury.

On July 30, 2010, the Court had a status conference with the attorneys for Mr. Enright and Middlebury. The status of the bankruptcy case was discussed as were the reasons for the attorneys' request to withdraw. The attorneys agreed to speak with the Plaintiffs to determine whether they would agree to a temporary stay of the case.

## II.    DISCUSSION

A district court has broad discretion to stay proceedings as an incident to its power to control the cases on its own docket. Landis v. North American Co., 299 U.S. 248, 254, 57 S. Ct. 163 (1936).

Although no bankruptcy notice has been filed in this case, the Court has been informed that Mr. Enright has filed for bankruptcy and that he wishes to have the bankruptcy court stay this case against Middlebury. Title 11 U.S.C. § 362(a)(1) provides that all judicial proceedings against the debtor are automatically stayed. The statute, however, does not automatically stay judicial proceedings against nonbankrupt third parties or codefendants. See e.g., In re S.I. Acquisition, Inc., 817 F.2d 1142, 1147 (5th Cir. 1987). In unusual circumstances courts may extend the automatic stay to nondebtor codefendants. McCarney v. Integra Nat. Bank North, 106 F.3d 506, 510 (3d Cir. 1997). Bankruptcy courts also have the authority to issue injunctions against judicial proceedings involving nondebtors if unusual

2

circumstances are met. 11 U.S.C. § 105(a) (a bankruptcy court has authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title); see also Matter of Zale Corp., 62 F.3d 746, 761 (5th Cir. 1995).

The Court believes that a temporary stay of thirty days will provide Mr. Enright enough time to make pleadings in the bankruptcy court asking for a stay of all judicial proceedings involving Middlebury. Thirty days will also provide Mr. Enright time to explore the possibility of hiring new counsel.

As Plaintiffs have consented to the stay, the Court is not concerned about prejudice to Plaintiffs because of the stay. The Defendants are ordered, however, to schedule depositions for September. The stay will remain in effect until September 6, 2010 absent the Court granting a motion to continue the stay. Once the stay is lifted, the Court will amend the Scheduling and Discovery Order to reflect the changed discovery and motions deadlines.

**SO ORDERED**, this the 3rd day of August, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc