IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| NATIONAL PHYSICIANS HOLDING COMPANY, et al., | : |
|---|---|
| Plaintiffs, | : |
| v. | : Civil Action No. 7:09-cv-21 (HL) |
| MIDDLEBURY EQUITY PARTNERS, LLC, et al., | : |
| Defendants. | : |

## ORDER

Before the Court is a joint motion made by the Plaintiffs and some, but not all, of the Defendants for the partial lifting of the bankruptcy stay and for dismissal of some, but not all, Defendants (Doc. 88). The Defendant Captive Services, Inc. filed a motion for an expedited ruling on the motion to dismiss and lift the stay. (Doc. 89). For the following reasons, the motions are granted.

The joint motion to dismiss and lift the stay was filed because the Plaintiffs have entered into a settlement agreement with the Defendants Captive Services, Inc., Physician Captives, LLC, and Carol W. Dixon. The settlement terminates the Plaintiffs' claims against all Defendants except Middlebury Equity Partners, LLC and Todd Enright. The settlement also terminates the crossclaim filed by Physician Captives, LLC against Captive Services, Inc. and Carol W. Dixon. The motion requests that the dismissals be with prejudice.

Defendants Todd Enright and Middlebury Equity Partners have filed a written

1

consent to the dismissal of the remaining Defendants and for the partial lifting of the stay (Doc. 90). Accordingly, the Court grants the motion for an expedited ruling (Doc. 89).

This case is currently stayed against all the parties because Defendant Todd Enright is engaged in bankruptcy litigation.

Voluntary dismissals of claims and crossclaims are governed by Federal Rules of Civil Procedure Rule 41. Rule 41(a)(2) provides that an action may be dismissed by court order, on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2). The Court finds that dismissal is proper because the parties entering into the settlement are not debtors subject to the rulings of the bankruptcy court. Dismissal is also proper because the non-settling Defendants have consented to the dismissal, eliminating any concern that the non-settling Defendants would be prejudiced by the dismissal.

Accordingly, the motion to dismiss (Doc. 88) is granted. The bankruptcy stay against the non-debtor Defendants and the Plaintiffs is temporarily lifted so that the Court can dismiss, with prejudice, the Plaintiffs' claims against Defendants Captive Services, Inc., Physician Captives, LLC, and Carol W. Dixon and the cross-claim filed by Physician Captives, LLC against Captive Services, Inc. and Carol W. Dixon.

The only remaining claims in this case are the Plaintiffs' claims against Todd Enright and Middlebury Equity Partners, LLC and the counterclaim filed by these Defendants against the Plaintiffs. The stay remains in effect for these claims.

**SO ORDERED**, this the 4th day of February, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc