# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

NATIONAL PHYSICIANS HOLDING COMPANY, et al.,

     Plaintiffs,

v.

Civil Action No. 7:09-CV-21

MIDDLEBURY EQUITY PARTNERS, LLC, et al.,

     Defendants.

## ORDER

Before the Court are Plaintiffs' Motions to Compel Defendant Enright (Doc. 109) and Defendant Middlebury Equity Partners, LLC (Doc. 111) to respond to post-judgment discovery requests. As discussed below, the motions are GRANTED, and Defendants are ORDERED to respond to Plaintiffs' post-judgment discovery requests by March 19, 2018.

## I. FACTS AND PROCEDURAL HISTORY

On June 27, 2017, the Court entered a consent judgment in favor of Plaintiffs. (Doc. 100). The current dispute relates to post-judgment discovery sought by Plaintiffs in aid of execution. On July 28, 2017, Plaintiffs served Defendants' counsel with Plaintiffs' First Post-Judgment Discovery Requests to Todd Michael Enright (Enright) and Middlebury Equity Partners, LLC (Middlebury).

Counsel for Plaintiffs attempted to resolve the dispute by communicating with Enright directly as he is now proceeding pro se. However, Enright responded by sending two letters on November 22, 2017 and November 30, 2017, respectively, in which he asserted his fifth amendment right not to respond to the discovery requests. Plaintiffs' counsel requested the Court's assistance, and a telephone conference involving all parties was held on December 12, 2017. Enright again asserted his fifth amendment privilege during the conference.

Plaintiffs now move this Court to compel post-judgment discovery and to award attorney fees and litigation expenses incurred in filing the motion.

## II. ANALYSIS

In support of Plaintiffs' Motions to Compel, they assert that Federal Rule of Civil Procedure 26, 37(a)(3)(B), and 69 authorize and support an order compelling discovery. (Docs. 109, 111). Generally, a district court's decision to compel discovery is not an abuse of discretion where the items requested are arguably relevant to the case. See Maddow v. Procter & Gamble Co., Inc._, 107 F.3d 846, 853 (11th Cir. 1997); Fed. R. Civ. P. 37. The information sought need not be admissible at trial but must only be likely to lead to relevant admissible information. Fed. R. Civ. P. 26(b). Thus, the degree of need sufficient to justify granting a motion to compel will vary to some extent with the burden of producing the requested information. In other words, the relevance of discovery requests

must be weighed against "oppressiveness" in deciding whether discovery should be compelled, and a plaintiff seeking a broad range of documents must show a more particularized need and relevance. See United States v. R. Enters., Inc., 498 U.S. 292, 306 n. 4, 111 S.Ct. 722, 731 (1991) (illustrating generally the standard for ruling on civil discovery disputes) (internal cites and quotes omitted).

Judgment creditors are entitled to discovery, including interrogatories, "from any person—including the judgment debtor"—in aid of the judgment or execution. Fed. R. Civ. P. 69(a)(2). Responding parties must answer the interrogatories within thirty days after being served, unless otherwise stipulated to or ordered by the Court. Fed. R. Civ. P. 33(b)(2). Parties seeking discovery may move for an order compelling an answer when the responding party fails to answer an interrogatory submitted under Rule 33 or to produce documents as requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B).

### A. Defendant Enright

Plaintiffs request that Enright respond to interrogatories and produce documents that pertain to the collection of judgment. (Doc. 109-2). In response to Plaintiffs' Motion to Compel, Defendant Enright submitted a brief in support of his general objection (Doc. 116). Enright asserts that due to his pending bankruptcy petition, a pending criminal investigation in Vermont, a pending RICO action in the United States Bankruptcy Court in Maine, and a "potentially open" criminal prosecution in Maine that resulted in a hung jury after trial in 2012, he must

assert his fifth amendment privilege against self-incrimination in the above-styled matter. (Doc. 116, pp. 2-3). He states: "Enright has invoked his Fifth Amendment rights with respect to answering any Post Judgment discovery arising from Plaintiffs non-dischargable claim for fraud which was subject to a settlement agreement arising from the very bankruptcy proceeding to which Enright is still the subject to a pending federal criminal investigation." (Doc. 116, p. 4).

Plaintiffs correctly contend that Enright's blanket Fifth Amendment objection is improper. (Doc. 119, p. 2). The privilege against self-incrimination may be invoked in civil as well as in criminal proceedings. See Baxter v. Palmigiano, 425 U.S. 308, 318, 96 S.Ct. 1551, 1558 (1994). In both civil and criminal cases, the Fifth Amendment right only applies to testimonial evidence. United States v. Hubbell, 530 U.S. 27, 34–36, 120 S.Ct. 2042–43 (2000). Evidence is testimonial when a defendant's communication itself, explicitly or implicitly, relates a factual assertion or discloses information. Id. at 37, 120 S.Ct at 2044.

However, the Fifth Amendment privilege may only be asserted when there is a substantial, real hazard of self-incrimination. United States v. Reis, 765 F.2d 1094, 1096 (11th Cir. 1985) (citation omitted). "[A] witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself – his say-so does not of itself establish the hazard of incrimination." Hoffman, 341 U.S. at 486. To properly invoke the privilege, the party invoking the

privilege must provide "credible reasons why his answers would incriminate him."

Scarfia v. Holiday Bank, 129 B.R. 671, 674 (M.D. Fla. 1990). It is well established

that a person may not make a blanket objection to testifying or producing records

based on Fifth Amendment privilege, but instead, must invoke the privilege

question by question or request by request. See United States v. Roundtree, 420

F.2d 845, 852 (5th Cir. 1969).[1] The ban on blanket Fifth Amendment objections

prevents a person from wholesale refusing to answer any questions or to

produce any documents without specifically considering whether the information

sought may actually raise a "substantial and real hazard of self-incrimination."

United States v. Argomaniz, 925 F.2d 1349, 1353 (11th Cir. 1991).

Here, Enright does not object to Plaintiffs' post-judgment discovery

requests on a question by question or request by request basis. Instead, Enright

offers a litany of excuses as to why he must assert his Fifth Amendment rights.

Specifically, Enright refers to his bankruptcy case and other pending criminal

matters and states "if compelled to answer, Enright contends that such testimony

could be incriminating in light of the current criminal investigation." (Doc. 16, p.

4). Enright does not specify which interrogatories or documents for which he

asserts his privilege, nor does he persuade the Court that "a substantial and real

hazard of self-incrimination" exists. Enright's objection is precisely the type of

---

[1] Pursuant to Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent on the Eleventh Circuit.

blanket Fifth Amendment objection prohibited by <u>Roudtree</u>. 420 F.2d at 845. Thus, Enright is ordered to respond to Plaintiffs' post-judgment interrogatories and document requests.

## B. **Defendant Middlebury**

Plaintiffs request that Middlebury respond to interrogatories and produce documents that pertain to the collection of judgment. Counsel for Defendant Middlebury responded to Plaintiffs' motion (Doc. 114) by reciting the procedural history of Enright's personal bankruptcy case to illustrate that Middlebury "is defunct, failed and economically deceased . . . with no assets and substantial debts." (Doc. 114, p. 8). Like Enright, counsel for Middlebury did not object to Plaintiffs' post-judgment discovery requests on a request by request basis. Instead, counsel for Middlebury explains why Defendant Enright has no control over Middlebury's management or assets. These assertions, however, are not an appropriate response to Plaintiffs' post-judgment discovery requests.

Here, it appears that the information requested is relevant to the instant case. Furthermore, it appears that producing responses to the interrogatories and producing the requested documents would not be overly burdensome to Middlebury. Therefore, the Court concludes that Middlebury should produce all the requested information contained in Plaintiffs' post-judgment discovery requests.

## C. **Attorney Fees**

Plaintiffs' seek to recover attorney fees incurred in bringing both motions. Federal Rule of Civil Procedure 37 provides that when a motion to compel is granted and the delinquent party is afforded an opportunity to be heard, the court must require the delinquent party to pay the movant's reasonable expenses incurred in obtaining the order, unless: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Here, based on Plaintiffs' Motion and attached exhibits, and the Court's participation in the December 12, 2017 telephone conference, the Court concludes that Plaintiffs attempted in good faith to resolve the dispute. Within ten (10) days of today's Order, Plaintiffs are directed to advise the Court of how much time was spent on bringing the motions and the prevailing rates so the Court may have a basis for award of attorney fees.

## III. CONCLUSION

For the reasons discussed above, Plaintiffs' Motions to Compel (Docs. 109, 114) are **GRANTED**. Defendants Enright and Middlebury are **ORDERED** to respond to Plaintiffs' post-judgment interrogatories by March 19, 2018.

**SO ORDERED** this 26th day of February, 2018.

                                    *s/ Hugh Lawson*
                                    **HUGH LAWSON, SENIOR JUDGE**


ehm